**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

CALEB GOTTFRIED,

Plaintiff,

v.

NIGHT MEDIA, INC. AND KAI CENAT LLC,

Defendants.

Civil Case No. 1:26-cv-05471

**DEFENDANT NIGHT MEDIA INC.'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT**

Defendant Night Media, Inc. ("Night Media"), by and through its attorneys Nixon Peabody LLP, hereby answers and responds to Plaintiff Caleb Gottfried's ("Plaintiff") First Amended Complaint ("FAC"), dated and filed on July 24, 2026 (ECF Doc. No. 11) as follows:

## I. NATURE OF THE ACTION

1. Paragraph 1 states conclusions of law to which no response is required. To the extent a response is required, Night Media denies the allegations contained in Paragraph 1 of the FAC and specifically denies that it organized, promoted, or controlled the event referenced therein and/or that any conduct of Night Media caused injury to Plaintiff.

2. Paragraph 2 states conclusions of law to which no response is required. To the extent a response is required, Night Media denies the allegations contained in Paragraph 2 of the FAC.

## II. JURISDICTION AND VENUE

3. Paragraph 3 states conclusions of law to which no response is required. To the extent a response is required, Night Media denies the allegations contained in Paragraph 3 of the FAC.

4. Paragraph 4 states conclusions of law to which no response is required. To the extent a response is required, Night Media denies the allegations contained in Paragraph 4 of the FAC.

**III. PARTIES**

5. Night Media lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 5 of the FAC and therefore denies the same.

6. Night Media admits that it is a talent management company and corporation organized under the laws of the State of Delaware and that it is a citizen of Delaware and Texas, and denies the remaining allegations contained in Paragraph 6 of the FAC.

7. Paragraph 7 states conclusions of law to which no response is required. To the extent a response is required, Night Media lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 7 of the FAC and therefore denies the same.

**IV. FACTUAL ALLEGATIONS**

8. Night Media denies the allegations contained in Paragraph 8 of the FAC.

9. Night Media lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 9 of the FAC and therefore denies the same, and respectfully refers the Court to the referenced statement for its true and complete content.

10. Night Media admits that an event took place on or about June 12, 2026 in Manhattan, New York and denies the remaining allegations contained in Paragraph 10 of the FAC, including any allegation that Night Media marketed, held, controlled, or otherwise was involved in any capacity in the event.

11. Night Media denies the allegations contained in Paragraph 11 of the FAC, including any allegation that Night Media organized, promoted, staffed, directed, or otherwise was involved in any capacity in the event.

12. Night Media denies making any representations to Plaintiff, as alleged in Paragraph 12 of the FAC, and lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 12 of the FAC and therefore denies the same.

13. Night Media lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 13 of the FAC and therefore denies the same, and respectfully refers the Court to the referenced form for its true and complete content.

14. Night Media lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 14 of the FAC and therefore denies the same, and respectfully refers the Court to the referenced form for its true and complete content.

15. Night Media lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 15 of the FAC and therefore denies the same.

16. Night Media lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 16 of the FAC and therefore denies the same.

17. Night Media lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 17 of the FAC and therefore denies the same. Night Media further specifically denies that it had any obligation or responsibility to provide medical staffing, triage, crowd control, or hydration at the event referenced in Paragraph 17 of the FAC.

18. Night Media lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 18 of the FAC and therefore denies the same. Night

Media further denies that any act or omission by Night Media caused any such condition alleged in Paragraph 18 of the FAC.

19. Night Media lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 19 of the FAC and therefore denies the same.

20. Night Media lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 20 of the FAC and therefore denies the same.

21. Night Media lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 21 of the FAC and therefore denies the same. Night Media further denies that any act or omission by Night Media caused any such condition alleged in Paragraph 21 of the FAC.

22. Night Media lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 22 of the FAC and therefore denies the same.

23. Night Media lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 23 of the FAC and therefore denies the same.

24. Paragraph 24 contains conclusions of law to which no response is required. To the extent a response is required, Night Media denies that it had any actual or constructive knowledge as alleged, and denies that any prior event bears any relevance to Night Media's alleged conduct.

25. Night Media lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 25 of the FAC and therefore denies the same. Night Media further denies that it published, operates, or controls any video or YouTube channel referenced in Paragraph 25 of the FAC, and respectfully refers the Court to the referenced video for its true and complete content.

26. Night Media lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 26 of the FAC and therefore denies the same, and respectfully refers the Court to the referenced video for its true and complete content.

27. Night Media lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 27 of the FAC and therefore denies the same, and respectfully refers the Court to the referenced video for its true and complete content.

28. Night Media lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 28 of the FAC and therefore denies the same, and respectfully refers the Court to the referenced video for its true and complete content.

29. Paragraph 29 contains conclusions of law to which no response is required. To the extent a response is required, Night Media denies that any video referenced in the FAC is Night Media's "own promotional content or was published on a channel operated by or for" Night Media, and denies the legal characterizations set forth in Paragraph 29.

30. Night Media lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 30 of the FAC and therefore denies the same, and respectfully refers the Court to the referenced video for its true and complete content. Night Media further denies that it "selected" or "placed" any footage of Plaintiff.

31. Night Media lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 31 of the FAC concerning what documents Plaintiff did or did not sign, and therefore denies the same. Night Media further denies that it had any obligation to obtain any release from Plaintiff.

32. Night Media admits that the "Streamer University" website referenced in Paragraph 32 of the FAC contains a Privacy Policy (located at https://streameruniversity.com/privacy) and

respectfully refers the Court to the referenced website and privacy policy for its true and complete content. Night Media further denies that it created, operates, controls and/or maintains the referenced website and privacy policy.

33. Night Media lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 33 of the FAC concerning the referenced website's "cookie-consent mechanism", and therefore denies the same. Night Media further denies that it created, operates, controls and/or maintains the referenced website and referenced "cookie-consent mechanism", and further denies the inferences and/or legal conclusions alleged by Plaintiff in Paragraph 33 of the FAC.

34. Night Media lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 34 of the FAC concerning the referenced website's "Frequently Asked Questions section" and concerning whether Plaintiff accessed or was aware of same, and therefore denies the same. Night Media further denies that it created, operates, controls and/or maintains the referenced website.

35. Paragraph 35 contains conclusions of law to which no response is required. To the extent a response is required, Night Media admits only that has retained counsel in connection with various legal matters, as is customary business practice, and denies the remaining allegations of Paragraph 35 of the FAC, including any implication of knowledge, intent, or wrongdoing alleged by Plaintiff.

36. Night Media admits only that it received an electronic mail communication from Plaintiff on or about June 21, 2026 and that a reply was sent the same day, and respectfully refers the Court to the referenced correspondence for its true and complete content. Except as expressly

admitted, Night Media denies the remaining allegations of Paragraph 36 of the FAC, including any characterization of the substance or legal effect of the communications.

37. Night Media lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 37 of the FAC, and therefore denies the same, and respectfully refers the Court to the referenced "Privacy Policy" for its true and complete terms.

38. Night Media denies the allegations contained in Paragraph 38 of the FAC, and specifically denies that it has custody of, or controls any footage of Plaintiff recorded at the June 12, 2026 event.

## V. FIRST CAUSE OF ACTION (Alleged Violation of New York Civil Rights Law §§ 50 and 51 – Against All Defendants)

39. In response to Paragraph 39 of the FAC, Night Media repeats and realleges its responses to Paragraphs 1 through 38 of the FAC as if fully set forth herein.

40. Night Media denies the allegations contained in Paragraph 40 of the FAC.

41. Night Media denies the allegations contained in Paragraph 41 of the FAC.

42. Night Media denies the allegations contained in Paragraph 42 of the FAC.

43. Night Media denies the allegations contained in Paragraph 43 of the FAC.

## VI. SECOND CAUSE OF ACTION (Alleged Negligence – Against All Defendants)

44. In response to Paragraph 44 of the FAC, Night Media repeats and realleges its responses to Paragraphs 1 through 43 of the FAC as if fully set forth herein.

45. Night Media denies the allegations contained in Paragraph 45 of the FAC.

46. Night Media denies the allegations contained in Paragraph 46 of the FAC.

47. Night Media denies the allegations contained in Paragraph 47 of the FAC.

48. Night Media denies the allegations contained in Paragraph 48 of the FAC.

Night Media denies each and every other allegation, conclusion, statement, request, prayer for relief or other provision contained in the FAC not specifically admitted or controverted herein, including each and every separate paragraph of the "Wherefore" clauses contained in the FAC.

## AFFIRMATIVE DEFENSES

Night Media asserts the following affirmative defenses. In asserting these defenses, Night Media does not assume the burden of proof with respect to any issue as to which the applicable law places the burden upon Plaintiff. Night Media expressly reserves the right to assert any and all other defenses that may be determined to exist throughout the course of this action and its investigation in this case.

### FIRST AFFIRMATIVE DEFENSE

1. The FAC, and each cause of action asserted therein, fails to state a claim upon which relief can be granted against Night Media.

### SECOND AFFIRMATIVE DEFENSE

2. Plaintiff's claims are barred by the doctrines of waiver, estoppel, laches, unclean hands and/or election of remedies.

### THIRD AFFIRMATIVE DEFENSE

3. Plaintiff's damages, if any, were caused, in whole or in part, by Plaintiff's own conduct.

### FOURTH AFFIRMATIVE DEFENSE

4. Plaintiff failed to mitigate his alleged damages, if any.

### FIFTH AFFIRMATIVE DEFENSE

5. To the extent that Plaintiff has sustained any damages, which Night Media denies, those alleged losses were not directly or proximately caused by any action or inaction by Night Media alleged in the FAC.

**SIXTH AFFIRMATIVE DEFENSE**

6. Night Media at all times acted in good faith and with a proper business purpose.

**SEVENTH AFFIRMATIVE DEFENSE**

7. Plaintiff's alleged damages are speculative, remote, and not recoverable as a matter of law.

**EIGHTH AFFIRMATIVE DEFENSE**

8. Plaintiff has failed to plead or establish a compensable physical injury proximately caused by Night Media sufficient to support any claim for pain and suffering, physical after-effects, or emotional distress.

**NINTH AFFIRMATIVE DEFENSE**

9. Night Media is not a proper defendant because it did not organize, promote, control, staff, or direct the June 12, 2026 event and did not publish, monetize, or control any video in which Plaintiff allegedly appears.

**TENTH AFFIRMATIVE DEFENSE**

10. Night Media owed no legal duty to Plaintiff, and even if Night Media owed any duty to Plaintiff, Night Media breached no such duty and all actions attributable to Night Media were reasonable under the circumstances.

**ELEVENTH AFFIRMATIVE DEFENSE**

11. Any injuries or damages allegedly sustained by Plaintiff were not proximately or actually caused by any act or omission of Night Media.

**TWELFTH AFFIRMATIVE DEFENSE**

12. Any injuries or damages allegedly sustained by Plaintiff were caused, in whole or in part, by intervening and superseding acts, omissions, or conditions of third parties over whom

Night Media had no control, including but not limited to the premises owner, third-party contractors, law enforcement officers, other attendees, and Plaintiff himself.

**THIRTEENTH AFFIRMATIVE DEFENSE**

13. Plaintiff consented, expressly and/or impliedly, to being photographed and filmed at the event, and to the use of his image in connection with the event.

**FOURTEENTH AFFIRMATIVE DEFENSE**

14. Plaintiff's claims are barred, in whole or in part, by the applicable statute(s) of limitations.

**FIFTEENTH AFFIRMATIVE DEFENSE**

15. Any use of Plaintiff's image is protected under the newsworthiness and/or public interest exceptions to N.Y. Civil Rights Law §§ 50 and 51, and under the First Amendment to the United States Constitution and Article I, Section 8 of the New York Constitution.

**RESERVATION OF RIGHTS**

Night Media hereby reserves the right to amend its responses to the FAC and to assert any additional affirmative defenses as it may have and that are revealed through the course of discovery and to rely upon any such affirmative defenses that may become evident during the pendency of this suit and trial.

**PRAYER FOR RELIEF**

WHEREFORE, having fully answered Plaintiff's FAC, Night Media respectfully requests that this Court:

(a) Dismiss Plaintiff's FAC in its entirety, with prejudice;

(b) Enter judgment in favor of Night Media on each and every claim contained in Plaintiff's FAC;

(c) Award Night Media its costs and disbursements incurred in defending this action, including reasonable attorneys' fees to the extent permitted by law;

(d) Deny all relief sought by Plaintiff; and

(e) For such other and further relief as the Court deems just and proper.

Dated: August 17, 2026

**NIXON PEABODY LLP**

By: *___/s/ Morgan C. Nighan_______*

Morgan C. Nighan, Esq.
Exchange Place
53 State Street
Boston, MA 02109
Telephone: (617) 345-1000
mnighan@nixonpeabody.com

Zachary C. Osinski (*pro hac vice forthcoming)*
300 South Grand Avenue, Suite 4100
Los Angeles, CA 90071
Telephone: (213) 629-6000
zosinski@nixonpeabody.com

*Attorneys for Defendant*
*Night Media*

TO: Caleb Gottfried, *Pro Se Plaintiff*
5504 13th Ave, Unit #330
Brooklyn, New York 11219