**Caleb Gottfried**
Plaintiff pro se
5504 13th Ave, Unit #330, Brooklyn, New York 11219 (mailing address only)
(363) 888-6743 · snvrk@snvrkotics.com

October 6, 2026

Hon. Robert W. Lehrburger
United States Magistrate Judge
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

Motion denied without prejudice as per the Court's order at Dkt. 50. However, all parties remain under the obligation to preserve evidence.

SO ORDERED:

10/7/2026

HON. ROBERT W. LEHRBURGER
UNITED STATES MAGISTRATE JUDGE

**Re: Gottfried v. Night Media, Inc., et al., No. 1:26-cv-05471 (DEH)(RWL)**
**LETTER-MOTION for an order preserving specified evidence, and report of the parties' positions, as undertaken in Plaintiff's letter of September 28, 2026**

Dear Judge Lehrburger:

I write to report the parties' positions on my request for an order preserving specified evidence, as I undertook to do in my letter of September 28, 2026, and to inform the Court of one matter that has come to my attention since that letter was filed.

Meet-and-confer representation. Pursuant to S.D.N.Y. Local Civil Rule 37.2 and Section II.D of Your Honor's Individual Practices, I represent the following. On September 28, 2026 I served my letter on counsel for both appearing Defendants by electronic mail and asked whether their clients consent to the relief requested. On October 3, 2026 I wrote to counsel for both appearing Defendants by electronic mail in a separate message, asked to confer by telephone or videoconference regarding this request, proposed three specific times on October 5, 2026, offered to make myself available at any alternative time on October 5 or October 6, 2026, and offered either to place the call myself or to supply a videoconference link. As of the date of this letter no Defendant has responded to either message, and no conference has taken place. I report that without complaint and without asking the Court to draw any inference from it.

**Positions.**

I served my letter on counsel for both appearing Defendants by electronic mail on September 28, 2026, the same day I submitted it, and asked whether their clients consent to the relief requested. As of the date of this letter I have received no response from either Defendant. I ask the Court to draw no inference from that, and I note that one week is a short period in which to obtain a client's position.

I said in my letter that if Defendants confirmed in writing that the identified categories are being preserved, I would withdraw the request. That offer stands and is not withdrawn by this report. If such confirmation arrives at any time, I will inform the Court and withdraw.

**A further matter, stated without accusation.**

Since my letter was filed, I have determined that the public announcement of the June 12, 2026 event is no longer available on the accounts that published it.

The event was announced on June 11, 2026 on the verified Instagram account @kaicenat and on the verified X account @KaiCenat. On September 30, 2026 I searched for the announcement on both accounts and did not find it. I also searched the Internet Archive and found no capture of either post.

The content of the announcement is preserved. A contemporaneous republication of it survives on a related Instagram account, of which I have made and retained screenshots, and the text of the post published on X is reproduced in an article published by a third party on June 12, 2026, of which I have retained a copy.

I make no assertion as to who removed either post, when, or why, and I ask the Court to draw no inference. I report it for one reason only: it is a further instance of material bearing on a disputed element of this case ceasing to be available while Defendants were on notice of the claim, and it bears on the adequacy of the preservation measures the requested order would secure.

**One additional category.**

In light of the foregoing, I respectfully request that any order the Court may enter include the following category in addition to those identified in my letter of September 28, 2026:

(g) all posts, stories, captions, and images published on any social media account owned or controlled by any Defendant, or by Kai Cenat, concerning the June 12, 2026 event or the video published on or after that date, including any since deleted, removed, or made unavailable; together with all platform-provided data exports, account archives, activity logs, and deletion or audit logs for the Instagram account @kaicenat and the X account @KaiCenat, for the period June 1, 2026 through the present.

I note that material of this kind is ordinarily within the account holder's own control and is available to an account holder on request from the platform. I therefore do not anticipate that preserving it would impose any meaningful burden.

I am serving this letter on counsel for both appearing Defendants by electronic mail simultaneously with its submission. If either states a position after today, I will inform the Court promptly.

I thank the Court for its consideration.

Respectfully submitted,

/s/ Caleb Gottfried
Caleb Gottfried
Plaintiff pro se
5504 13th Ave, Unit #330
Brooklyn, New York 11219 (mailing address only)
(363) 888-6743
snvrk@snvrkotics.com

cc: Nixon Peabody LLP, Attorneys for Defendant Night Media, Inc. (by e-mail)
Harwood Lloyd, LLP, Attorneys for Defendant Kai Cenat LLC (New York) (by e-mail)