HARWOOD LLOYD LLP

WWW.HARWOODLLOYD.COM

130 MAIN STREET
HACKENSACK, NJ 07601
t (201) 487-1080
f (201) 487-4758

1345 AVENUE OF AMERICAS
2ND FLOOR, NEW YORK, NY 10105
t (212) 268-5136
f (212) 324-1198

MICHAEL J. BRADY ‡ †
DAVID M. REPETTO ‡ ◊
CURTIS J. TURPAN ‡
STEPHEN WELLINGHORST ‡ † Δ ○
JOHN W. McDERMOTT ‡ †
JOHN W. ALBOHM ‡
MICHAEL E. SPINATO ‡
ALAN G. PHILIBOSIAN ‡
RICHARD W. LE BLANCQ ‡
JUDY BROWN †
KEVIN J. CONYNGHAM ‡
WILLIAM N. DEVITO ‡ †
KATHLEEN M. LEE ‡ † ○
MARK D. MARINO ‡ †
KRISTEN E. MARINACCIO ‡ †
**PARTNERS**

MENELAOS W. TOSKOS, P.J. Ch. (Ret.)
JAMES J. DELUCA, J.S.C. (Ret.) †
DONALD W. REEDER ‡ †
ABIGAIL L. STIEFEL ‡ †
STACEY J. SICILIANO ‡
ROBYN B. LINDSAY ‡ †
EVA SIGNORE ‡
BRANDY A. SMITH †
MICHAEL A. FERRO †
JOSEPH J. DUGAN †
ANDRÉ HAYNES †
ALLYSON M. KASETTA ‡ †
JENNIFER KARRMANN-GRANAI †
GREGORY C. EIN ‡
JULIE S. RAPHAEL †
COLIN FITZPATRICK †
ROBERT J. PANTINA ‡
**COUNSEL**

DAVID F. MCBRIDE †
JAMES P. LOGAN
PETER MERCER ✧ ⌑
THOMAS LOIKITH
**OF COUNSEL**

KATHLEEN K. LANG ‡
JAMES E. ROMER †
CASSANDRA DONOVAN †
CHRISTOPHER M. NAHAS †
DYANNE LLUCH ‡
ERIK KALLHOVD ‡
PETER R. FIGMAN †
PAULINA KRAUSS †
REBECCA CHAN †
COLTON POSEY †
JULIANA M. RUPERTO ‡
PETER T. BERKANISH ‡
**ASSOCIATES**

‡ ADMITTED IN NJ
† ADMITTED IN NY
Δ ADMITTED IN PA
○ ADMITTED IN DC
✧ ADMITTED IN CANADA ONLY
⌑ NOT ADMITTED IN NJ
◊ COURT APPROVED MEDIATOR

FRANK V. D. LLOYD (1966-2007)
VICTOR C. HARWOOD, III (1960-1999)
RICHARD J. RYAN (1965-2023)
PETER CIOLINO (1957-2009)
MICHAEL B. OROPOLLO (1970-2011)
EVELYN R. STORCH (1981-2018)
W. FLETCHER HOCK, JR. (1960-2022)

REPLY TO: HACKENSACK
DIRECT EMAIL: AHAYNES@HARWOODLLOYD.COM
DIRECT PHONE: (13188-1944)
FILE NO.: 13188-001944

November 25, 2026

***Via* ECF:**

The Honorable Robert W. Lehrburger
United States Magistrate Judge
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, NY 10007

Re: *Caleb Gottfried v. Night Media, Inc., et al.*
Case No.: 1:26-cv-05471 (DEH)(RWL)
Date of Loss: 06/12/2026
Our File No: 13188-1944

Your Honor:

We represent the Defendants Kai Cenat LLC (a New York limited liability company), and Kai Cenat LLC (a Georgia limited liability company; *collectively*, the "Kai Cenat Entities") in the above-referenced matter. Such representation is limited solely to the Second and Third Causes of Action set forth in the Fourth Amended Complaint (negligence and gross negligence claims, respectively).

We write in response to the Plaintiff's letter motions seeking: (i) to strike and/or amend portions of the Kai Cenat Entities' Answer to the Fourth Amended Complaint [Doc. Nos. 88, 90]; and (ii) a conference pursuant to Rule 26 (f), *inter alia* [Doc. No. 89]. For the reasons set forth here, we respectfully request that the motions be denied in their entirety.

First, we join Defendant Night Media Inc.'s correspondence dated November 20, 2026, which responds to the plaintiff's letter motion seeking a conference [Doc. No. 91]. More specifically, the Kai Cenat Entities join the response in that (i) mediation and arbitration are both premature at this stage of litigation; and (ii) this Court has already denied prior requests for a preservation order. Accordingly, the instant application should be similarly denied.

HARWOOD LLOYD LLP



Second, we also respectfully request that the applications at Doc. Nos. 88 and 90 are also denied. This is because there is no provision at law that would ostensibly compel the Kai Cenat Entities to amend their Answer in conformance with the Plaintiff's request, as asserted in ¶ 1 of the application under Doc. No. 88.

Nor do the provisions of law cited to in the same paragraph (Fed. R. Civ. P. Rule 8 (b) (5), (6)) support the application to deem certain responses in the Answer admitted. On the contrary, they simply state that any assertion as to the lack of knowledge or information sufficient to form a belief about the truth of an allegation ("DKI") must so state, and the statement has the effect of a denial. They further state that an allegation is generally deemed admitted unless denied. They do not, however, support the proposition that an admission can be compelled in instances where, as here, the plaintiff deems the DKI assertion insufficient or improper.

There is similarly no basis to compel the Kai Cenat Entities to "state clearly" whether they are answering the first cause of action, as *inter alia*, the Answer already clearly states that your affirmant's firm is representing the Kai Cenat Entities "*solely* as to the second and third causes of action (negligence and gross negligence respectively)…" [*emphasis supplied*; Doc. No. 86].

Third, the Plaintiff's application to strike certain affirmative defenses pursuant to Fed. R. Civ. P. Rule 12 (f) should also be denied. This is because the Plaintiff failed to set forth how the defenses are either insufficient, redundant, immaterial, impertinent, or scandalous, as prescribed by the Rule. Nor has the Plaintiff demonstrated how the defenses are implausible as asserted in the application.

Finally, the Plaintiff failed to proffer any basis whatsoever for the relief sought by proposed Order to Show Cause.

The applications should be denied in their entirety as a result.

Yours truly,

Harwood Lloyd, LLP

/s/ *André S. Haynes*

André S. Haynes, Esq.